# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| CITIZENS AGAINST POLLUTION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:04-CV-00371 |
| ) | Judge Gregory L. Frost |
| AMERICAN ELECTRIC POWER CO., INC., ) | Magistrate Judge Mark R. Abel |
| ) | |
| ) | |
| Defendant ) | |

## ANSWER OF DEFENDANT AMERICAN ELECTRIC POWER COMPANY, INC.

For its Answer to the Plaintiff's Complaint, Defendant American Electric Power Company, Inc. ("AEP") admits, denies, and avers as follows:

## FIRST DEFENSE:

1. The allegations in Paragraph 1 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 2 of the Complaint.

3. The allegations in Paragraph 3 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 3 of the Complaint.

4. AEP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies the same, except that AEP

admits that it received correspondence dated June 25, 2003, purporting to be a notice of intent to sue.

5. AEP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore denies the same.

6. AEP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore denies the same.

7. AEP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore denies the same.

8. AEP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore denies the same.

9. AEP admits that the Gavin Plant is located at 7397 State Route 7 in Cheshire, Ohio, that the Gavin Plant has two electric generating units rated at 1300 megawatts each, and that the Gavin Plant has two 830 ft. stacks. AEP otherwise denies the allegations in Paragraph 9 of the Complaint.

10. AEP admits that the Gavin Plant began operating two SCR systems at the Gavin Plant in 2001. AEP otherwise denies allegations in Paragraph 10 of the Complaint.

11. AEP denies the allegations in Paragraph 11 of the Complaint.

12. AEP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore denies the same.

13. AEP admits that the Agency for Toxic Substances and Disease Registry issued a document entitled Health Consultation that contains the quoted language, and otherwise denies the allegations in Paragraph 13.

14. AEP denies that it made the notification described in Paragraph 14 of the Complaint.

15. AEP denies that it made the notification described in Paragraph 15 of the Complaint.

16. AEP denies the allegations in Paragraph 16 of the Complaint.

17. AEP denies the allegations in Paragraph 17 of the Complaint, except to the extent that AEP admits that the SCRs have not been operated during all hours the units have been operated.

18. AEP denies the allegations in Paragraph 18 of the Complaint.

19. AEP denies the allegations in Paragraph 19 of the Complaint

20. AEP admits several techniques to reduce $SO_3$ concentrations in the flue gas have been tested, but otherwise denies the allegations in Paragraph 20 of the Complaint.

21. AEP denies the allegations in Paragraph 21 of the Complaint.

## **COUNT ONE**

22. AEP admits the allegations in Paragraph 22 of the Complaint.

23. The allegations in Paragraph 23 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 24 of the Complaint.

25. The allegations in Paragraph 25 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 25 of the Complaint.

## COUNT TWO

26. AEP admits the allegations in Paragraph 26 of the Complaint.

27. The allegations in Paragraph 27 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 27 of the Complaint.

28. The allegations in Paragraph 28 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 28 of the Complaint.

29. The allegations in Paragraph 29 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 29 of the Complaint.

30. The allegations in Paragraph 28 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 28 of the Complaint.

31. AEP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, therefore denies the same.

32. The allegations in Paragraph 32 of the Plaintiff's Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 32 of the Complaint.

33. AEP denies the allegations in Paragraph 33 of the Complaint.

34. AEP denies the allegations in Paragraph 34 of the Complaint.

35. AEP denies the allegations in Paragraph 35 of the Complaint.

36. AEP denies the allegations in Paragraph 36 of the Complaint.

## **COUNT THREE**

37. The allegations in Paragraph 37 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 37 of the Complaint.

38. AEP admits the allegations in Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 39 of the Complaint.

40. The allegations in Paragraph 40 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 40 of the Complaint.

41. AEP admits the allegations in Paragraph 41 of the Complaint.

42. AEP admits the allegations in Paragraph 42 of the Complaint.

43. AEP denies the allegations in Paragraph 43 of the Complaint.

44. AEP denies the allegations in Paragraph 44 of the Complaint.

45. AEP denies the allegations in Paragraph 45 of the Complaint.

46. AEP denies the allegations in Paragraph 46 of the Complaint.

47. AEP denies the allegations in Paragraph 47 of the Complaint.

## COUNT FOUR

48. The allegations in Paragraph 48 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 48 of the Complaint.

49. The allegations in Paragraph 49 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent an answer is required, AEP denies the allegations in Paragraph 48 of the Complaint.

50. AEP denies the allegations in Paragraph 50 of the Complaint.

51. AEP denies the allegations in Paragraph 51 of the Complaint.

52. AEP denies the allegations in Paragraph 52 of the Complaint.

53. AEP denies the allegations in Paragraph 53 of the Complaint.

54. AEP denies the allegations in Paragraph 54 of the Complaint.

55. AEP denies each and every allegation not specifically admitted herein to be true.

**SECOND DEFENSE:**

The Complaint fails to state claims upon which relief can be granted.

**THIRD DEFENSE:**

The Complaint fails to join necessary parties.

**FOURTH DEFENSE:**

AEP has not engaged in any conduct which entitles Plaintiff to recover attorneys' fees.

**FIRST AFFIRMATIVE DEFENSE:**

Plaintiff's claims are moot in light of the Memorandum of Agreement between AEP, the United States Environmental Protection Agency, and the Ohio Environmental Protection

Agency, effective May, 2002.

**SECOND AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred because AEP is neither the owner nor the operator of the Gavin Plant within the meaning of Section 304 of EPCRA, 42 USC § 11004. In addition, AEP is not a person in charge of a facility within the meaning of Section 103(a) of CERCLA, 42 USC § 9603(a).

**THIRD AFFIRMATIVE DEFENSE:**

Plaintiff's claims are be barred, in whole or in part, by virtue of the fact that the actions in question are wholly past and not subject to citizen suit.

**FOURTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred, in whole or in part, for failure to mitigate damages, if any.

WHEREFORE, having fully answered the Complaint, Defendant AEP prays that the same be dismissed against it, and that it be awarded its costs, disbursements, attorneys' fees and such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Alvin J. McKenna*
Alvin J. McKenna (0023145), Trial Attorney
Mason Evans (0023071), Of Counsel
Christopher R. Schraff (0023030), Of Counsel
Molly S. Crabtree (0073823), Of Counsel
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street
Columbus, Ohio 43215-6194
(614) 227-2000
amckenna@porterwright.com
mevans@porterwright.com

cschraff@porterwright.com
mcrabtree@porterwright.com

OF COUNSEL

D. Michael Miller (0023117)
Janet J. Henry (0022949)
American Electric Power Service Corp.
1 Riverside Plaza, 29th floor
Columbus, OH 43215-2355
(614) 716-1000
dmmiller@aep.com
jjhenry@aep.com

Counsel for Defendant American Electric Power Company, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2004, I electronically filed the foregoing Answer of Defendant American Electric Power Company, Inc. with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Michael V. Kelley
    John A. Sivinski
    Sandra B. Sommers
    Kelley & Ferraro, LLP
    1300 E. Ninth Street
    Suite 1901
    Cleveland, OH 44114

    James M. Hecker
    Trial Lawyers for Public Justice
    1717 Massachusetts Avenue, N.W. #800
    Washington, D.C. 20036

    Brian Glasser
    A.B. Moloy
    Bailey & Glasser
    227 Capitol Street
    Charleston, WV 25301

    James Ferraro
    Ross Johnston
    Ferraro & Associates, P.A.
    4000 Ponce de Leon Blvd.
    Suite 700
    Miami, FL 33146

    Counsel for Plaintiff Citizens
    Against Pollution

                                      *s/ Molly S. Crabtree*
                                      Molly S. Crabtree (0073823)

                                      Attorney for Defendant American
                                      Electric Power Company, Inc.